**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| JOSH ENLOE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:26-cv-00069-PLC |
| | ) | |
| SHERRY PEOPPE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

On September 24, 2026, the Honorable Patricia L. Cohen ordered Petitioner to show cause why his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus should not be dismissed as time-barred. [ECF No. 2]. Petitioner has now responded. [ECF No. 3]. Having reviewed and considered Petitioner's response, the Court concludes that the petition must be dismissed without further proceedings. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

## I. Background

As explained in detail in the September 24 order, Petitioner filed the instant petition after expiration of the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A). In the response now before this Court, Petitioner does not argue that his petition is timely. Instead, he claims he is entitled to equitable tolling. In support, he asserts that he was rendered incompetent by the lack of adequate diabetes medication while incarcerated at the Macon County Jail, and that psychiatric medication rendered him unable to assist in his trial, spot errors, and communicate with his post-conviction attorney. Additionally, Petitioner asserts that he is actually innocent because a

statement at issue lacked a specific directive, and his attorney, the prosecutor, and the trial judge failed to recognize that.

## II. Discussion

A habeas petitioner must file his petition within one year of, as relevant here, the date on which his conviction became final. 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(1) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and made it impossible for him to file his petition on time. *Holland*, 560 U.S. at 649 (citation omitted). Equitable tolling provides "an exceedingly narrow window of relief," *Jihad*, 267 F.3d at 805, and the petitioner bears the burden of demonstrating grounds warranting equitable tolling. *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

Here, Petitioner makes no attempt to establish that he pursued his rights diligently. Even if he had, he could not show that extraordinary circumstances prevented him from filing a timely petition. Petitioner alleges he was rendered incompetent by a lack of adequate diabetes medication while incarcerated at the Macon County Jail and by psychiatric medication that impaired his cognitive and communication abilities during his trial and post-conviction proceedings. However, Petitioner fails to explain how those issues affected him and prevented him from preparing and filing a timely petition. In fact, Petitioner does not mention his mental or medical state during the federal limitations period, focusing instead on the period surrounding his underlying trial and state proceedings.

The mere existence of a mental health condition or medication issue does not warrant equitable tolling. Rather, the condition or issue must have actually interfered with the petitioner's

ability to file a timely petition. *See Nichols v. Dormire*, 11 F. App'x 633, 634 (8th Cir. 2001) (per curiam) (affirming dismissal of habeas petition despite the petitioner's diagnosed psychiatric disorders because his mental impairment did not interfere with his ability to file a timely petition). Here, Petitioner has alleged nothing to establish a connection between his mental or medical condition and his failure to file a timely habeas petition. Because Petitioner failed to show he was diligently pursuing his rights and an extraordinary circumstance stood in his way and prevented timely filing, equitable tolling is not warranted.

Petitioner also invokes the actual-innocence exception to the statute of limitations. For purposes of clarity, the Court quotes Petitioner directly:

> I discovered new evidence There was no dir[]ective to the statement in which I'm gonna get that ass had no dir[]ective as to how I was going to get that ass actual innocence I am inno[]cent because my Lawyer The Prosecutor nor the Judge reco[g]nized that the evidence I was convicted on had no Dir[]ective

[ECF No. 3 at 2].

A credible showing of actual innocence may serve as a gateway through which an otherwise time-barred petitioner may pursue his constitutional claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386–87 (2013). Such claims, however, are rare. *Id.* To invoke the actual-innocence gateway, a petitioner must present new, reliable evidence that was not available at trial and demonstrate that, in light of that evidence, it is more likely than not that no reasonable juror would have convicted him. *Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015) (citation omitted). Actual innocence means factual innocence, not legal innocence or legal insufficiency. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996) (citation omitted).

Petitioner's assertion does not satisfy this standard. It appears that the alleged absence of a specific directive in the statement would have been apparent from the evidence presented at trial. Petitioner alleges no facts suggesting that this circumstance constitutes newly discovered evidence

or that it was unavailable at the time of trial. Thus, he has not presented new, reliable evidence of actual innocence. Moreover, his argument concerns the legal significance of the statement and the failure of the participants in his criminal proceedings to recognize what he believes was a deficiency in the evidence. At most, this amounts to a claim of legal innocence or legal insufficiency, not factual innocence. For these reasons, the Court finds that Petitioner has not established entitlement to the actual-innocence gateway.

For the reasons explained in the September 24, 2026 order, the Court finds that the petition is untimely. For the reasons explained above, the Court finds that Petitioner has failed to demonstrate that equitable tolling or the actual-innocence gateway applies. The Court therefore dismisses the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (holding that a district court may consider, on its own initiative, whether a habeas petition is time-barred, provided the petitioner receives notice and an opportunity to respond before dismissal).

The Court must also determine whether to issue a certificate of appealability. A certificate of appealability may issue only if the petitioner makes a substantial showing of the denial of a constitutional right. Where, as here, the petition is dismissed on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate both that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists would find it debatable whether the Court's procedural ruling was correct. *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citation modified) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the petition is plainly time-barred, and Petitioner has presented no basis upon which reasonable jurists could debate the

correctness of the Court's procedural ruling. The Court therefore declines to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED** as time-barred. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 4th day of November 2026.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE